FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 3 2003

at _9_ o'clock and _00_ min._A_ M.
WALTER A. Y. H. CHINN, CLERK

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM S. AHOLELEI, | ) | CIV. NO. 03-00171 HG-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR APPOINTMENT OF |
| vs. | ) | COUNSEL |
| | ) | |
| BARBARA KYSAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF COUNSEL

On April 14, 2003, Plaintiff William S.
Aholelei ("Plaintiff"), a state prisoner proceeding pro
se, filed a complaint in this Court under 42 U.S.C. §
1983.  On May 5, 2003, Plaintiff filed a motion for
appointment of counsel.

"The court may request an attorney to represent
any person unable to afford counsel."  28 U.S.C. §
1915(e)(1).  Federal courts do not, however, have the
authority "to make coercive appointments of counsel."

7

Mallard v. United States Dist. Ct. For S. Dist. Of
Iowa, 490 U.S. 296, 310 (1989).  The court, in its
discretion, "may appoint counsel . . . only under
'exceptional circumstances.'"  Terrell v. Brewer, 935
F.2d 1015, 1017 (9th Cir. 1991); see also Franklin  v.
Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  "A
finding of exceptional circumstances requires an
evaluation of both the likelihood of success on the
merits [and] the ability of the petitioner to
articulate his claims pro se in light of the complexity
of the legal issues involved."  Terrell, 935 F.2d at
1017 (citing Wilborn v. Escalderon, 789 F. 2d 1328 (9th
Cir. 1986)).  Neither of these factors is dispositive
and both must be viewed together before reaching a
decision on request for counsel under § 1915. See id.;
United States v. $292,888.04 in U.S. Currency, 54 F.3d
564, 569 (9th Cir. 1995).

    In the motion, Plaintiff asks that counsel be
appointed for him because he has to "sneak help" from
"inmate jailhouse lawyer Mr. Eugene James Hutch."
Indeed, the instant motion is penned in Mr. Hutch's

distinct handwriting.  The record, however, does not disclose matters which are so complex, either factually or legally, as to require counsel to adequately litigate them.  Plaintiff's pleadings to date have been well-reasoned and articulate.  Plaintiff has failed to demonstrate that he is incapable of articulating his claims pro se.

Inmates have a constitutional right of access to the courts guaranteed by the Fourteenth Amendment.  See Bounds v. Smith, 430 U.S. 817, 821 (1977).  The right of access to the courts requires prisons to provide inmates "with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828 (footnote omitted).  If inmates have access to an adequate law library, Bounds does not require the availability of legal assistance.  See id. at 855. Plaintiff has access to the law library at the Halawa Correctional Facility.

Moreover, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate

opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996). An inmate claiming denial of access to the courts must show an "actual injury." See id. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348. Plaintiff has not shown an actual injury.

Furthermore, the Court is unable to determine Plaintiff's likelihood of success on the merits at this stage of the proceedings. Accordingly, the Court does not find "exceptional circumstances" to appoint counsel.

Finally, even if the Court were to grant Plaintiff's motion, it cannot compel an attorney to take the case. Nor is the Court authorized to provide compensation for an attorney willing to take a civil case for an indigent plaintiff. This order does not prevent Plaintiff from contacting attorneys on his own in an effort to find one who will assist him.

4

Based on the foregoing, Plaintiff's motion for appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii,  MAY 1 3 2003          .


KEVIN S.C. CHANG
United States Magistrate Judge


AHOLELEI v. KYSAR, et al., CIV. NO. 03-00171 HG-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; jhc\apptcouns\AHOLELEI 03-171 (1983)