IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM S. AHOLELEI, | ) | CIVIL NO. 03-00171 HG-KSC |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | AMENDED RULE 16 SCHEDULING |
| vs. | ) | ORDER |
| | ) | |
| BARBARA KYSER, et. al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

<u>AMENDED</u>
<u>REPORT OF SCHEDULING CONFERENCE AND ORDER</u>
(<u>NO DISCLOSURE</u>)

    Pursuant to Federal Rules of Civil Procedure, Rule 16 and LR16.2, a scheduling conference was held in chambers on February 16, 2006, before the Honorable Kevin S. Chang, United States Magistrate Judge.  Appearing at the conference were William S. Aholelei, Plaintiff Pro Se, by telephone and Miriam Loui on behalf of the Defendants.

    Pursuant to Federal Rules of Civil Procedure, Rule 16(e) and LR16.3, the Court enters this scheduling conference order:

<u>TRIAL AND CONFERENCE SCHEDULING</u>:

    1.  Jury trial in this matter will commence before the Honorable Helen Gillmor, Chief United States District Judge on December 5, 2006 at 9:00 am

    2.  A final pre-trial conference shall be held on November

2, 2006 at 9:00 am before the Honorable Kevin S.C. Chang, United States Magistrate Judge.

    3.   A final pre-trial conference shall be held on November 24, 2006 at 8:30 am before the Honorable Helen Gillmor, Chief United States District Judge.

    4.   Pursuant to LR16.6, each party herein shall serve and file a separate pre-trial statement by October 26, 2006.

MOTIONS:

    5.   Pursuant to Federal Rules of Civil Procedure, Rule 16(b)(1) and LR16.2(a)(5), all parties shall file any motion to join additional parties or to amend the pleadings by CLOSED.

    6.   Pursuant to Federal Rules of Civil Procedure, Rule 16(b)(2) and LR16.2(a)(3), all motions not otherwise provided herein shall be filed by August 7, 2006.

Pursuant to Federal Rules of Civil Procedure, Rule 16(c)(5) and LR16.2, each party shall, unless otherwise ordered by the Court, file only one motion for summary judgment under Federal Rules of Civil Procedure 56.  This provision is to prevent the circumvention of LR7.5 and leave to file additional motions for summary judgment may be granted by the Court when it does not appear that other rules will be circumvented.

All motions deadlines stated herein will be strictly

enforced.  After such deadline the parties may not file such motions except with leave of court, good cause having been shown.

DISCOVERY:

    7.  Pursuant to LR26.1(a)(1), the Court elects not to apply the initial disclosure requirements of LR26.1(a)(1) to this matter.

    8.  Pursuant to Federal Rules of Civil Procedure, Rule 16(c)(5) and (e), the plaintiff(s) herein shall serve and file a disclosure of all non-expert witnesses reasonably expected to be called by the plaintiff(s) on or before March 28, 2006.

    9.  Pursuant to Federal Rules of Civil Procedure, Rule 16(c)(5) and (e), the defendant(s) herein shall serve and file a disclosure of all non-expert witnesses reasonably expected to be called by the defendant(s) on or before April 4, 2006.

    10.  The disclosure of non-expert witnesses shall include the full name, address, and telephone number of each witness, and a short summary of anticipated testimony.  If certain required information is not available, the disclosure shall so state. Each party shall be responsible for updating its disclosures as such information becomes available.  Such duty to update such disclosure shall continue up to and including the date that trial herein actually terminates.

11.  Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2), each party shall disclose to each other party the identity and written report of any person who may be used at trial to present expert evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  The disclosures pursuant to this paragraph shall be according to the following schedule:

    a.  All plaintiffs shall comply by July 18, 2006.

    b.  All defendants shall comply by August 15, 2006.

12.  Pursuant to Federal Rules of Civil Procedure, Rule 16(b)(3) and LR16.2(a)(6), the discovery deadline shall be October 10, 2006.  Unless otherwise permitted by the Court, all discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive must be completed by the discovery deadline.  Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive and LR26.1, 26.2, and 37.1 shall be heard by the discovery deadline.  While Federal Rules of Civil Procedure, Rule 29 allows the parties to extend certain discovery deadlines by agreement, such stipulations do not, without prior court order, extend the Court's obligation to adjudicate discovery disputes.

SETTLEMENT:

    13.  Pursuant to Federal Rules of Civil Procedure, Rule 16(a) and (c)(9) and LR16.5(a), a settlement conference shall be held ON CALL before the Honorable Kevin S. C. Chang, United States Magistrate Judge.

    The parties shall exchange written settlement offers and meet and confer to discuss settlement before the settlement conference.  Plaintiff's demand shall be served ON CALL.  Defendant's offer shall be served ON CALL.

    Pursuant to LR16.5(b), each party shall deliver to the presiding Magistrate Judge a confidential settlement conference statement ON CALL.  Parties are directed to LR16.5(b) for the requirements of the confidential settlement conference statement.

    Unless otherwise ordered by the Court prior to the date of the settlement conference, each party or the party's representative having full authority to negotiate and settle the case on terms proposed by the opposing party shall appear in person at the settlement conference.  Counsel may appear as a party's representative provided counsel produces for the Court full written authority from the party to negotiate and settle the case on terms proposed by the opposing party without further consultations with the party.

    Parties are reminded that failure to comply with

LR16.5(b)(1) and (2) may result in sanctions imposed under LR16.5(3).

OTHER MATTERS:

    15.  This order shall continue in effect in this matter unless and until amended by subsequent order of the Court.

FURTHER PROVISIONS:

None.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, February 22, 2006.



    Kevin S.C. Chang
    United States Magistrate Judge