ROECA, LOUIE & HIRAOKA
A Limited Liability Law Partnership, LLP

ARTHUR F. ROECA       1717-0
aroeca@rlhlaw.com
APRIL LURIA          4687-0
aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i       96813-3917
Telephone:  (808) 538-7500
Facsimile:  (808) 521-9648

Attorneys for Defendant
Kay Bauman, M.D.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM S. AHOLELEI, | CASE NO. 03-00171 HG-KSC |
| Plaintiff, | DEFENDANT KAY BAUMAN, M.D.'S REPLY TO PLAINTIFF'S |
| vs. | OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| BARBARA KYSAR, DOCTOR S. PADERES, DOCTOR BAUMAN, DOES I-V, | CERTIFICATE OF SERVICE |
| Defendants. | Hearing: September 11, 2006<br>Time: 10:30 a.m.<br>Judge: Hon. Helen Gilmore<br>Trial Date:  December 5, 2006 |

306-072/p.Reply. msj.Final.wpd

## DEFENDANT KAY BAUMAN, M.D.'S
## REPLY TO PLAINTIFF'S OPPOSITION TO
## MOTION FOR SUMMARY JUDGMENT

Defendant Kay Bauman, M.D. (hereafter "Dr. Bauman") by and through her

counsel, Roeca, Louie & Hiraoka, submits this reply to Plaintiff William S.

Aholelei's Objection to Defendant Sisar Paderes, M.D.'s Motion for Summary

Judgment and in response to the Court's Order dated August 22, 2006.

I.     Response to Court's Order of August 22, 2006

On August 22, 2006 the Court issued an Order  directing Defendants to

address Plaintiff's allegations, found in his Amended Complaint and in his

Objections, of continuing violations relating to the delay or denial of adequate

medical care for his kidney condition, continuing from the date of filing of the

Original Complaint, April 4, 2003, through the date of filing of the Amended

Complaint, September 22, 2003, up until the present.

Plaintiff claims that at the time he was writing his Objection to the Motion

for Summary Judgment, "the prescribed treatment by specialists" was still

incomplete and Plaintiff remained in serious pain.   Following Dr. Kuchebecker's

July 30, 2003 ESL.   Plaintiff continued to take Allopurinal for his kidney stones

along with other medications to control diabetes, asthma and allergies.

On October 3, 2003 Plaintiff was injured in an altercation with another

inmate and sustained a broken jaw.  He was initially hospitalized and upon

discharge, Plaintiff remained in the Halawa infirmary for two months.  During that

-2-

stay he had two reports of kidney pain on November 11, 2003 and November 19, 2003. Motrin 800 mg. was given to him and within an hour he was reportedly feeling okay without complaint. He was followed during chronic care visits and was being treated for retinopathy and received psychiatric counseling with Dr. Patel. He continued to take Allopurinal.

Plaintiff was seen by Dr. Paderes on April 6, 2004 and a urology follow up was ordered. On June 29, 2004 a CT scan was performed at Castle Medical Center and revealed a nonobstructive 6 mm stone in his right lower kidney. There was no hydronephrosis or hydroureter.

On July 23, 2004 a urology consult was obtained from Dr. Kuchebecker. The patient complained of left sided pain. Dr. Kuchenbecker explained to the patient that the remaining right stone did not explain the left sided pain. He recommended consideration of an ESL of the right stone and a trial of Flomax. Thereafter, Plaintiff was followed with periodic urinary analysis to check for blood in the urine which were negative on August 19, 2004, January 6, 2005, February 10, 2005, and March 11, 2005. On April 1, 2005 Dr. Bauman ordered a follow up ultrasound. This was performed on April 8, 2005 and revealed a 9 mm stone in the lower pole right kidney with no other calculi, hydronephrosis and

normal flow from both ureters to bladder. As a result of the ultrasound findings, arrangements were made for Dr. Kuchenbecker to perform an ESL for the right stone. However, Dr. Kuchenbecker subsequently advised DPS that he would no longer be seeing Halawa patients. Arrangements were then made for Plaintiff to be seen at the Queen Emma Clinic Urology on September 12, 2005. In the interim, Plaintiff reported to sick call on August 12, 2005 with complaints of right flank pain for 2-3 days. He was voiding without difficulty. He was provided with Motrin and a KUB was scheduled for August 17, 2005.

On September 12, 2005 Plaintiff underwent a urology consult with Dr. David Chou at Queen Emma Clinic Urology. Dr. Chee required a chest cray and preoperative physical clearance before proceeding with the ESWL of the right renal stone. On October 24, 2005 Plaintiff had another exam by Dr. Chou who obtained Plaintiff's consent for the procedure and provided preoperative instructions for ESWL of the right renal stone. This procedure was conducted on December 9, 2005. Following the procedure he was given Vicodin for pain.

Plaintiff was taken to Queen Emma Clinic Urology for follow up on December 12, 2005. It was recommended that he continue the Percocet until the supply ran out and then change to vicodin. Follow up was requested in one month following a CT with stone protocol. On December 27, 2005 a CT scan was

performed and demonstrated slight interval growth in one of the multiple stone in

the right kidney.  Multiple calculi were present in upper and lower pole calices

were no longer present and an obstructing left ureteral calculus had also resolved

as had the previous hydronephrosis. Plaintiff saw Dr. Chou in follow up on

January 9, 2006.  Dr. Chou  recommended he take Flomax with follow up in 4-6

weeks to assess the efficacy of the medication.   Plaintiff was taken to Dr. Chou

again on February 23, 2006 and reported trouble voiding.  A cystoscopy was

scheduled for April 3, 2006 and then subsequently rescheduled for May 25, 2006.

The cystoscopy was within normal limits and Dr. Chou prescripted pyridium and

doxazocin.  There have been no complaints with respect to kidney symptoms since

that date.

II.    Reply to Plaintiff's Objection to Motions for Summary Judgment

Plaintiff's Objection  alleges that he did not receive the appropriate surgery

to "get rid of all the stones".  Objection at p. 8.  In Dr. Bauman's Concise

Statement of Facts submitted in connection with Dr. Bauman's Motion for

Summary Judgment, the chronology and course of Plaintiff's medical care in

connection with renal stones is set forth through and including a July 30, 2003  left

renal extracorpreal soundwave lithotripsy performed by Dr. Kuchenbecker.

Plaintiff claims that Dr. Kuchenbecker told him that DPS would not authorize

"treatment which is proper to get rid of all the stones." Objection at p. 8.

An ESL had been performed on Plaintiff prior to his filing of his Complaint.

Following that procedure, Plaintiff executed a document acknowledging that the

ESL would not make the "stone magically disappear" and that the treatment would

pulverize the stone so that fragments could be passed through the urinary track.

Exhibit "AA" at p. 94.  Dr. Kuchenbecker recommended lithotripsies and

consideration of an ESL which was performed on the left renal stone in July 2003.

There is no evidence of any other recommended procedure to be performed on

plaintiff.  There is no evidence that the lithotripsies performed prior to the ESL

were improper or that those procedures were less expensive than another

procedure as alleged by Plaintiff.  The fact is that this was the type of procedure

recommended by Dr. Kuchenbecker.

The ESL which Plaintiff appears to claim is the proper procedure was

conducted on his left renal stone on July 30, 2003 -- two months before Plaintiff

filed his Amended Complaint.   Subsequently, when Plaintiff began experiencing

right flank pain the ESL was performed on the right renal stone.

III.   Plaintiff's Objection does not create a genuine issue of material fact
       <u>sufficient to defeat Dr. Bauman's Motion for Summary Judgment.</u>

   A.   Unsubstantiated allegations are insufficient to defeat a motion for
        <u>summary judgment.</u>

In his Objection, Plaintiff does not dispute the medical care and treatment

provided to him for his kidney condition as set forth in Dr. Bauman's Concise

Statement of Facts.  Rather, he alleges that Dr. Bauman failed to comply with an

unidentified statutory duty and failed to enforce minimum standards of medical

care and failed to supervise, train and instruct Dr. Paderes.   These allegations do

not create a genuine issue of material fact upon which to find a violation of 42

USC § 1983.

Plaintiff does not specify the statute which he claims Dr. Bauman failed to

comply.  Plaintiff does not set forth the standard of medical care which he claims

Dr. Bauman failed to enforce.  Plaintiff does not articulate Dr. Bauman's failure in

supervision, training or instruction of Dr. Paderes.  Plaintiff does not present

evidence that Dr. Bauman was aware of some deficiency in Plaintiff's medical

treatment and ignored the situation.  Plaintiff does not set forth any fact

contradicting the chronology of extensive medical care provided to Plaintiff for his

kidney stones as established in Dr. Bauman's Concise Statements of Fact.

Plaintiff's allegations are insufficient to defeat Defendant Bauman's Motion

for Summary Judgment.  Although a party moving for summary judgment must demonstrate the absence of a genuine issue of fact for trial, the nonmoving party may not rest on allegations in pleadings or simply assert that it will be able to discredit movant's evidence at trial.  ***Bator v. State of Hawai i Judiciary Adult Probation Div***., 910 F. Supp. 479, 483 (D. Hawai'i 1995).  The nonmoving party is required to set forth as provided by the rules specific facts showing that there is a genuine issue for trial.  ***Forsyth v. Eli Lilly and Co.***, 904 F. Supp 1153, 1156 (D. Hawai'i 1995). Moreover, legal memoranda and oral argument are not evidence, and therefore fail to create issues of fact capable of defeating an otherwise valid motion for summary judgment. ***Agles v. Merck & Co., Inc.***, 875 F. Supp. 701,704 (D. Hawai'i, 1995).

> B.     Plaintiff's reliance on hearsay statements of Dr. Kuchnbecker does not create a genuine issue of material fact.

Plaintiff's opposition memorandum claims that Dr. Kuchenbecker told Plaintiff that he had recommended a pain free procedure but that Halawa Correctional Facility had refused to allow this procedure in lieu of "cheap and painful" treatment.  A trial court can only consider admissible evidence in ruling on a motion for summary judgment. ***Beyene v. Coleman Sec. Servs., Inc.***, 854 F.2d 1179, 1181 (9th Cir. 1988); F. Rule Civ. Pro. 56(e).   The alleged statement of

Dr. Kuchenbecker is clearly hearsay which is not subject to any exception and is therefore insufficient to defeat Defendant's motion for summary judgment.

      C.      Plaintiff has failed to oppose Defendant Bauman's Motion for Summary Judgment with any admissible evidence demonstrating a genuine issue of material fact.

In order to state a cognizable claim for an Eighth Amendment violation with respect to medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference" to "serious medical needs." *Estelle v. Gamble*, 419 U.S. 97, 106 (1976); *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); and *Toussaint v. McCarthy*, 801 F. 2d 1080, 1111 (9th Cir.1986). Mere negligence, allegations of medical malpractice or even isolated occurrences of neglect do not rise to the level of deliberate indifference sufficient to violate the Eighth Amendment. *See*, *Estelle*, 419 U.S. at 107-08; *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); and *Toguchi v. Chung*, 391 F. 3d 1051, 1058 (9th Cir. 2004). Generally, inmates have no Eighth Amendment right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. *Long v. Nix*, 86 F.3d 765 (8th Cir. 1996); *Toguchi*, 391 F. 3d at 1058 (when prisoner's claim involved choices between alternative courses of treatment, he must show that chosen treatment was "medically unacceptable under the circumstances").

D.    Plaintiff has failed to present any evidence to demonstrate that Dr. Bauman is not entitled both absolute and qualified immunity.

Dr. Bauman could only be found liable under the Eighth Amendment if she knew of and disregarded "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Plaintiff must prove that Dr. Bauman was aware of facts from which the inference could be drawn that a substantial risk of harm existed to inmate health or safety, **and** that she also made the inference. *Farmer* 511 U.S. at 838. An official's failure to alleviate a significant risk which should have been perceived, but was not, while no cause for commendation, cannot be condemned as the infliction of punishment. *Farmer*, 511 U.S. at 838. A plaintiff must show that a defendant purposefully ignored or failed to respond to his pain or possible medical need. *McGuckin*, 974 F. 2d at 1060 (9th Cir. 1991); *see also, Hunt v. Dental Department*, 865 F.2d 198, 200 (9th Cir. 1989) (delay in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation); and *Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th Cir. 2003). An inmate "must 'put forward specific, nonconlusory factual allegations' that establish a culpable state of mind on the part of prison officials, and improper motive causing cognizable injury." *Jeffers v. Gomez*, 267 F.3d 895, 911 (9th Cir. 2001); *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991).

-10-

Here, Plaintiff has failed to demonstrate that Dr. Bauman (1) actually knew of a substantial risk of harm faced by Plaintiff, if any and (2) drew that inference and then purposefully ignored, disregarded or failed to address that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 838. Rather, Dr. Bauman was actively involved in approving and arranging for urology consultations and the necessary radiological testing required before performance of the various procedures performed on Plaintiff in an effort to break down the stones.

## IV.    Conclusion

For the foregoing reasons, Defendant Dr. Bauman, respectfully requests that the Court enter summary judgment in her favor as to all claims asserted against her in Plaintiff's Amended Complaint filed on September 22, 2003 and that the Amended Complaint be dismissed as to Dr. Bauman.

DATED: Honolulu, Hawai'i, _____.

AUG 2 9 2006

_____

ARTHUR F. ROECA
APRIL LURIA
Attorneys for Defendant
Dr. Kay Bauman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM S. AHOLELEI, | ) | CASE NO. 03-00171 HG-KSC |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| BARBARA KYSAR, DOCTOR S. | ) | |
| PADERES, DOCTOR BAUMAN, | ) | |
| DOES I-V, | ) | |
| | ) | Trial Date:  December 5, 2006 |
| Defendants. | ) | |
| | ) | |

306-072/p.Reply. msj.Final.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly

served by depositing the same in the United States Mail, postage prepaid, to the

following at their last known address:

WILLIAM S. AHOLELEI          [ M ]
c/o Oahu Community Correctional Center
2199 Kamehameha Highway
Honolulu, Hawaii  96819-2307

Plaintiff

CARON M. INAGAKI, ESQ.          [ᴹ ]
CINDY S. INOUYE, ESQ.
MIRIAM P. LOUI, ESQ.
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii  96813

Attorneys for Defendant                    AUG 2 9 2006
Sisar Paderes, M.D.

DATED:  Honolulu, Hawaii, _____.


_____
ARTHUR F. ROECA
APRIL LURIA
Attorneys for Defendant
Kay Bauman, M.D.

-2-