ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 30 2006
at 9 o'clock and 05 min. A M
SUE BEITIA, CLERK

In The United States District Court
for The District of Hawaii

| | |
|---|---|
| William S. Aholelei, Plaintiff's, <br><br> vs <br><br> Barbara Kysar; Doctor S. Paderes; Doctor Bauman; Does I-V, Defendants | Civ. No. 03-00171 HG-KSC <br> Plaintiff, William S. Aholelei motion in objection to Defendant Doctor Kay Bauman, et al motion for Summary Judgement filed on July-31-2006. <br> Declaration of Plaintiff William S. Aholelei, Introduction's of exhibits and exhibits A-1 through A-8 herein! and Certificate of Service herein! |

Plaintiff, William S. Aholelei's motion in objection to Defendant Doctor, Kay Bauman's motion for Summary Judgement filed o July-31-2006.

Comes now William S. Aholelei, Informa pauperis and Pro se to argue by law, facts, logic and reason's to support my motion in objection.

Plaintiff alleges that Kay Bauman, department of public safety medical Director, has and is failing to promulgate her statutory duties relevant to Halawa Prison, and to enforce minimum standards of medical care for health and safety in failing to supervise Halawa Prison Medical unit, and also failing to supervise Doctor Paderes.

Plaintiff alleges that Kay Bauman (D.O.P.S.) medical Director failure to act. The medical Director has significant power to take reasonable measures to remeidie and abate a known risk of harm and has failed to do so.

Plaintiff alleges that Kay Bauman (D.O.P.S. medical Directors failure to promulgate her statutory duties relevant to Halawa Prison by her failure to supervise, failure to act, failure to train medical personal at Halawa Prison and DR. Paderes is the proximate result of Plaintiff's prolonged and unneccess. wanton infliction of pain, and inadequate medical care for a serious medical condition and it demonstrate deliberate and callous indifference to Plaintiffs medical needs and is a violation of plaintiffs 8th amendment rights for cruel and unusual punishment.

Plaintiff alleges Kay Bauman (D.O.P.S.) medical director failure to act, and failure to train and instruct medical personal and Doctor Paderes with proper training to safeguard and ensure medical procedures and policy and that they applied in a safe and lawfull manner at Halawa Prison.

Plaintiff alleges that Doctor Paderes (Halawa Prison medical Doctor) Required plaintiff that complained of great pain that plaintiff would have to seek specialized care at plaintiff expense and was denied medical care for a very serious medical conditions because of plaintiffs inability to pay

for the required specialized care. Because of plaintiff, indigent status he continued to suffer herendez pain and continued to complain in pain for about a year or more.

Plaintiff alleges that he complained so much that after one year of great herendez pain and suffering he was finally provided some medical care for a serious medical condition and after one of the most painful operations, he was denied prescribed pain medication and recieved no pain medication after a serious operation that was great pain to plaintiff during the operation and much greater pain after the operation and did not recieve the prescribed pain medication that was recommended by DR. Kuchenbecher, who performed the operation.

And because of this delayed of prescribed pain medication for a serious painful condition plaintiff thought that he was going to die because the pain was so great!

Plaintiff alleges Doctor Paderes intentionally or otherwise interferred with prescribed medical treatmet by specialist, this also resulted in prolonged great pain and sufferings and because Doctor Paderez ignored specialist request to return plaintiff for completion of operation and recommended follow up care and as a result plaintiff was again denied medical care for a serious medical condition and continued to suffer great herendes pain because of this interference.

Plaintiff alleges that at this present time while writting this brief in support that the prescribed treatment by specialist is still incomplete and plaintiff is still in serious pain.

Plaintiff alleges that Doctor Paderes is not trained properly and he is deliberately indifferent a callous indifferent to plaintiffs serious medical need

Plaintiff alleges that Doctor Paderes has significan power to take reasonable measures to abate a known risk of harm to plaintiffs serious medical needs and plaintiff serious great pain that Doctor Paderes has actual and constructive knowledge of plaintiff's serious medical needs and serious pain, but has failed to confirm under lying facts that he strongly suspected to be true or declined to confirm inferences of risk that he strongly suspected to exist

Plaintiff alleges that Doctor Paderes is deliberately indifference and callous indifferent to plaintiff serious medical needs and a violation of plaintiffs 8th amendment rights for cruel and unusual punishment.

Plaintiff alleges that the medical unit at Halawa Prison and medical staffs are under the direction and supervision of medical Director Kay Bauman.

Plaintiff alleges that upon arriving at Halawa prison in Dec-2001, he was under extreme pain for his serious medical condition and has repeatedly requested help for his extremely painful condition, but was denied adequate medical care and recieved no pain medication for about a year or more prior to being seen by the specialist.

Plaintiff alleges that he used the required medical request forms to alert and notified medical unit and staffs that he was experiencing extreme pain and the request for he submitted about 3 to 4 request per week for about a year or more.

Plaintiff alleges that this practice, policy or custom of ignoring plaintiff's request to be seen by a Doctor for a discribed painful conditions results in a known harm and damage to plaintiffs health and safety and this also promote and perpetuates sufferings and pain to plaintiff and it demonstrates deliberate indifference and callous indifference to

Plaintiff serious and painful medical condition and it violates plaintiff 8th Amendment rights and is unneccessary and wanton infliction of pain and its cruel and unusual punishment.

Plaintiff alleges that all of this described inadequate medical care resulted in a systematic pattern of injury upon prisoners at Halawa prison and Plaintiffs allegations and complaint are far from an isolated incident and this pattern of inadequate medical care at Halawa prison medical unit is demonstrated in similar law-suits against the same Doctor and medical Director in the past and are on-going.

Plaintiff alleges that third party evidence is important and necessary to show a satictical pattern of inadequate medical care.

Plaintiff will to the best of his ability provide this Honorable Court with documents of similar law suits and prisoners (inmates grievance) that demonstrates the patterns of inadequate medical care.

Plaintiff is introducing medical reports that he aquired from a family member who requested the medical records from specialist (Doctor Kuchenbecker who performed parts of the series of operations upon plaintiff.

Plaintiff alleges that these medical reports are proof of his serious medical conditions and his cause for extreme tremendous pain that he made known (via medical request) and because of ignored medical-request Plaintiff suffered great herendous pain for about more than one (1) year before being seen by the specialist and this would reasonably shows deliberate indiference to my serious medical needs.

"The eighth amendment requires that prison officials provide a system of ready access to adequate medical"

Prison officials show deliberate indifference to serious medical needs if prisoners are unable to make their medical problems known to the medical staff"

"Access to the medical staff has no meaning if the medical staff is <u>Not competent</u> to deal with prisoners problems. <u>They must</u> be able to treat me or my problems or to refer prisoners to others who <u>can</u>".

If there is reasonably <u>speedy</u> access to the other physicians or facilities. From Hoptowit v. Rowe 682 F. 2d 1237, at 1253 [33-36] (9th Cir 1982)

Plaintiff alleges that his attempts to get medical attention for about a year without success demonstrates and manifest indifference to just the simple dignities of being a human being, as well as being a patient in the of medical care and this situation is incompatible with "the Evolving standards of decency that mark the progress of a maturing society" estelle v. Gamble 97 S.ct at 290 also albers v. whitley 743 F. 2d 1374 (9th Cir 1984)

"Nowhere does Estelle hold that a federal Court must defer to the judgement of either a prison Doctor or administrators in deciding wether there was deliberate indifference to an inmates serious medical needs." From Wood v. Sunn 865 F.2d 982 at 990 (9th Cir 1955)

Plaintiff alleges that HCF medical unit had a custom or procedures of misplacing, ignoring, or destroying medical request, and resulting harm to plaintiff and other inmates, the resulting of harm is described in plaintiff's opposition and herein that he was in great herendes pain and suffered about a year or more before treatment. This is also a violation of my 8th Amendment rights, and that I was subjected to the wanton and unnecessary inflictions of pain

"Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by 8th amendment whether the indifference is manifest by prison doctors in response to prisoners needs or by prison Guards by intentionally denying or delaying access to medical care or intentionally interfereing with treatment once prescribed reguardless of how evidence a deliberate indifference to prisoners serious illness or injuries states a cause of action under civil rights statute USCA Const. amendment 8 : 42 USCA. § 1983.

Plaintiff alleges that once treatment begin, and at the half way point of the series of operation, for my serious medical condition that Doctor Paderes, intentionally or otherwise interfered with the completions of the series of operation and isolatory plaintiff from prognosis and refuse or otherwise to respond or comply to specialist request to have plaintiff returned for completion of the series of operation and after one of the most serious

and painful operation that the wire broke inside of plaintiff, and in order to retrive the wire from inside of plaintiff, the specialist had to go in with a camra and grip a few or more times and try to grab the broken wire from inside my body which causes me to bleed with tremendous pain and after the wire was retrieved from my body DR. Kuchenbecker orally stated to me that he is very sorry that I had to go through all this pain, because HE Recommended to the medical authoritys at Halawa correctional facility another treatment which is proper to get rid of all the stones in my kidneys and required less or no pain at all, but they refuse to allow him the proper authority to performed the proper prescribed treatment, but they only allow him to performed this cheap and painful treatment

After this proceedure was done Doctor Kuchenbecker was aware that I was bleeding and in pain, and he gave me a dose of antibiotic and told me that he is writting a prescribtion for pain and antibiotic for me, when I gets back to halawa.

When I got back to Halawa, I started to feel more pain and I was still bleeding and I ask the guard at the module to allow me to go to the medical unit because I had just returned from surgery and I am bleeding and in herendez pain, but as I arrived at the medical unit and tried to explain my painful situation the only remarks that I recieved was "we dont have anything for your pain" I returned again and again that day and the day after but recieved nothing for the pain and me bleeding on the toilet and only on the 3rd or fourth day that I recieved

ed some pain medication to relieved my painful condition I really thought at that time that I was going to die

Suffering for plaintiff.

Official would not escape liability if evidence showed he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences at risk that he strongly suspected to exist. U.S.C.A Amend 8. From Farmer v. Brennan 114 S.Ct 1970 at 1971 #13. Criminal law 1213.10(1) prisons 17(4). (1994)

Plaintiff alleges that due to the longstanding well documented serious deficiencys at HCF medical unit (Lawsuits and inmates grievances) that Medical Director Kay Bauman demonstrates deliberates indifference to the inadequate medical care at Halawa prison medical unit and that considering the pattern of this inadequ care. She has the responsibility to supervise medical staff and personell and Doctors, also to instruct and train her subordinates, but her failure to do so has resulted in the proximate injury to plaintiff, and a violation of my constitutional Rights of the 8th amendment.

Plaintiff alleges that medical Director Kay Bauman failure to act, train and supervise represent a tacit authorization of the offencive act, and her position and the significant power she holds demonstrates her personal participation in the constitution deprivations of plaintiffs Rights and medical Director tacitly authorizes and acquiescence of actions taken by HCF medical unit personell and staff and Doctor Paderes and that shows her personally liable.

Plaintiff is not a lawyer, but I tried my best to present my case and formulate a legal law theory. And all I can do at this time is to ask the Honorable court to apply the same reasoning and understanding in Asher v. California Dept. of Corrections 112 F. 3d 392 at 392 # Federal Courts 69 "Inmates pro se complaint stating that each defendant was being sued individually an in his/her official capacity was construed liberally to mean that defendants were sued in their personal capacities U.S.C. Const. Amend. 11 and

Given that Asher filed the complaint proper and informa Pauperis, we construe it liberally to mean that he was sueing .... in their personal capacities, and in the alternative in their official capacities at 112 F 3d page 395 [ 3 ]

Respectfully Submitted

William S. Aholelei
Plaintiff Pro Se

Dated Aug-25-06
Honolulu, Hawaii